JUSTICE NELSON
concurs and dissents.
¶31 I concur in the Court’s decision as to Issues One and Two and in our remand of Ditton’s sentence. I respectfully dissent from our decision as to Issue Three.
¶32 As I understand Ditton’s argument on appeal, it is that the Municipal Court judge did not make a timely determination that probable cause supported the charge filed against him, as is required by § 46-11-110, MCA. This statute states that “[w]hen a complaint is presented to a court charging a person with the commission of an offense, the court shall examine the sworn complaint or any affidavits, *315 if filed, to determine whether probable cause exists to allow the filing of a charge” (emphasis added).
¶33 This was the same issue that Ditton raised in a prior appeal where he argued that the Municipal Court judge did not make a probable cause determination until six months after his arrest. See State v. Ditton, 2006 MT 235, ¶¶ 19-24, 333 Mont. 483, 144 P.3d 783. The Court faulted Ditton for not providing a transcript of the hearing at which Judge Carlson testified. See Ditton, ¶ 23. But then, notwithstanding Ditton’s omission, the Court concluded that “the inference readily drawn” from the record was that the judge did make a timely determination of probable cause. See Ditton, ¶ 23.1 discussed this aspect of the Ditton decision at length in my dissent, arguing that the Court improperly “inferred” that the Municipal Court judge had complied with § 46-11-110, MCA, in the face of a record that proved she did not. See Ditton, ¶¶ 64-94 (Nelson, J., Gray, C.J., & Cotter, J., dissenting).
¶34 The same issue and the same answer dog this case. Ditton claims there was not a timely determination of whether probable cause existed “to allow the filing of [the] charge” as required by the plain language of § 46-11-110, MCA-i.e., that the magistrate failed to make the probable cause determination before the charge was filed.
¶35 Capitalizing on the “inference” language from Ditton, the State here argues that “sufficient circumstantial facts show the Municipal Court complied with § 46-11-110” because Ditton received notice and an opportunity to be heard, because he refused to provide a breath sample, and because the Municipal Court judge set the matter for trial. This argument simply skirts the issue. The dispositive questions are when did Judge Seel make a probable cause determination and was it before the charge was filed, as required by § 46-11-110, MCA. The answer in this case is as obvious as it was in Ditton. The Municipal Court judge did not make a probable cause determination before the charge was filed; he made it, if at all, at some later point in time, probably when he set the case for trial.
¶36 I can no more agree with this approach in the present case than I could in Ditton. There is no evidence here that the Municipal Court judge actually made a probable cause determination before the charge against Ditton was filed. Rather, it appears from Ditton and the case now before us that as a matter of practice in the Bozeman Municipal Court, charges are filed without a probable cause determination ever being made beforehand.
*316 ¶37 Perhaps that is just the way things are done in Bozeman Municipal Court, and perhaps it is done that way because it works. I suspect that this practice is not isolated to Bozeman Municipal Court and that other courts of limited jurisdiction across the state follow this same practice. What I cannot abide, however, is that the courts which follow this practice are ignoring the law-and worse, that this Court lets them get away with it.
¶38 I do not agree that courts of limited jurisdiction and this Court may simply turn a blind eye to a patently unlawful procedure.
¶39 For that reason, I dissent as to Issue Three.